## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK ALLEN RODDY,** | : | |
| Plaintiff | : | CIVIL CASE NO: |
| | : | |
| **v.** | : | |
| | : | Jury Trial Demanded |
| **RTI INTERNATIONAL,** | : | |
| **FORMERLY RESEARCH** | : | |
| **TRIANGLE INSTITUTE,** | : | Judge |
| Defendant | : | |

### COMPLAINT

Mark Allen Roddy ("Plaintiff"), by and through his counsel, The Mazza Law Group P.C., Joseph C. Korsak, Esq., Of Counsel, hereby makes claim against RTI INTERNATIONAL, formerly Research Triangle Institute, ("Defendant"), of which Plaintiff is a former employee, for harm caused to Plaintiff by Defendant's discriminatory and retaliatory actions, ultimately resulting in the termination of Plaintiff's employment. This action is brought under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. ("ADA") and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

### JURISDICTION

1. The jurisdiction of the Court is proper pursuant to 28 U.S.C. §1331 as Plaintiff's claims are substantively based on the ADA. There is pendent jurisdiction for the claim arising under the Pennsylvania Human Relations Act.

2. Right to sue letters have been issued by the EEOC and the PaHRC. Both are attached as Exh. A hereto.

## VENUE

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

4.      Plaintiff is an adult individual residing at 318 S Gill St., State College, PA,. 16801.

5.      The Defendant, RTI International, (formerly Research Triangle Institute) is an organization headquartered at the Research Triangle Park in North Carolina that provides research and technical services to businesses. Its office is located at 3040 Corwallis, Research Triangle Park, North Carolina 27709. The Defendant employs highly educated individuals throughout the Commonwealth of Pennsylvania.

## STATEMENT OF FACTS

6.      Plaintiff was hired by the Defendant as a Senior Systems Administrator on or about October 31, 2016.

7.      Plaintiff is disabled by a physical/mental impairment that substantially limits one or more major life activities. He is otherwise qualified to perform the essential functions of his job as a Senior Systems Administrator.

8.      Defendant has intentionally discriminated against Plaintiff because of his disability.

9.      Plaintiff suffers from aphasia, substantially limiting his ability to speak, think, and talk.

10.     Plaintiff notified the Defendant of his disability on the date of his interview, on or about September 10, 2016.

11.     Plaintiff requested reasonable accommodations on the day he was hired, on or about October 31, 2016.

12.     The Defendant never honored the Plaintiff's request for accommodation.

13.     On or about April 7, 2017, Plaintiff requested to Shannon Portier, Senior Human Resource Manager at Research Triangle Institute, to have a reasonable accommodation of written instructions outlining his assigned duties and to have written copies of all conversations in writing.

14.     On or about April 7, 2017, Portier denied Plaintiff's request.

15.     On or about May 2, 2017, Senior Manager Dennis Wolf reassigned Plaintiff's duties to another employee and did not communicate why to the Plaintiff.

16.     For two weeks following the reassignment of Plaintiff's duties, Plaintiff reached out to Reginald Cooley, Plaintiff's supervisor, several times and Cooley ignored Plaintiff's messages and when Cooley did respond, he evaded Plaintiff's questions about the accommodations and the reassignment of his duties.

17.     These interactions and lack thereof made Plaintiff feel anxious and lose sleep, impacting his health and causing him to constantly worry about their six-year-old son and what would happen to him.

18.     On or about May 18, 2017, Plaintiff complained about the harassment and poor treatment he received from Cooley to Portier.

19.     Plaintiff was terminated on or about May 23, 2017 by Cooley.

## COUNT 1
### (ADA)

20.     Paragraphs 1 through 19 are incorporated herein by reference as though set forth in full.

21.     The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination based on his disability, ultimately resulting in termination of Plaintiff's employment, constituted a violation of the ADA.

22.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained harm resulting in the loss of his employment, causing him to sustain loss of earnings, plus the value of employment benefits.

## COUNT 2
### (ADA—Reasonable Accommodation)

23.     Paragraphs 1 through 22 are incorporated herein by reference as though set forth in full.

24.     On or about April 7, 2017, Plaintiff requested reasonable accommodation for his disability from Portier.

25.     On or about April 7, 2017, Portier denied Plaintiff's request for accommodation for disability.

26.     Based upon the foregoing, it is alleged that the Defendant violated ADA.

27.     The Plaintiff prays that the Defendant be required to provide all appropriate remedies under ADA.

## COUNT 3
### (ADA—Removed From Duties)

28.     Paragraphs 1 through 27 are incorporated herein by reference as though set forth in full.

29.     On or about May 2, 2017, Dennis Wolf, Senior Manager , reassigned Plaintiff's web/DB related projects to Amod Satgangi, no known disability.

30.     Defendant did not give Plaintiff a reason for reassigning Plaintiff's duties.

31.     Based upon the foregoing, it is alleged that Defendant violated ADA.

32.    Plaintiff prays that the Respondent be required to provide all appropriate remedies under ADA.

## COUNT 4
### (ADA—Retaliation)

33.    Paragraphs 1 through 32 are incorporated herein by reference as though set forth in full.

34.    On or about May 2, 2017, Dennis Wolf reassigned Plaintiff's web/DB related projects to Amod Satgangi.

35.    Defendant's actions are retaliatory because one month after Plaintiff requested a reasonable accommodation, his duties were reassigned.

36.    Based upon the foregoing, it is alleged that Defendant violated ADA.

37.    The Plaintiff prays that the Defendant be required to provide all appropriate remedies under ADA.


## COUNT 5
### (ADA—Discharge)

38.    Paragraphs 1 through 37 are incorporated herein by reference as though set forth in full.

39.    On or about April 7, 2017, Plaintiff requested a reasonable accommodation for his disability to Shannon Portier, Senior Human Resource Manager.

40.    On or about May 23, 2017, Reginald Cooley, Plaintiff's supervisor, discharged Plaintiff.

41.    Defendant's actions were retaliatory because six weeks after Plaintiff requested a reasonable accommodation for his disability, Defendant discharged him.

42.    Based upon the foregoing, it is alleged that Defendant violated ADA.

43.    The Plaintiff prays that the Defendant be required to provide all appropriate remedies under ADA.

## COUNT 6

### (Reasonable Accommodation)

44.     Paragraphs 1 through 43 are incorporated herein by reference as though set forth in full.

45.     On or about April 7, 2017, Plaintiff requested reasonable accommodation for his disability from Portier.

46.     On or about April 7, 2017, Portier denied Plaintiff's request for accommodation for disability.

47.     Based upon the foregoing, it is alleged that the Defendant violated Section 5(a) of the Pennsylvania Human Relations Act 43 P.S. 951-963.

48.     The Plaintiff prays that the Defendant be required to provide all appropriate remedies under §9 of PHRA.

## COUNT 7
### (PHRA—Removed From Duties)

49.     Paragraphs 1 through 48 are incorporated herein by reference as though set forth in full.

50.     On or about May 2, 2017, Dennis Wolf, Senior Manager, reassigned Plaintiff's web/DB related projects to Amod Satgangi, no known disability.

51.     Defendant did not give Plaintiff a reason for reassigning Plaintiff's duties.

52.     Based upon the foregoing, it is alleged that Defendant violated Section 5(a) of the Pennsylvania Human Relations Act 43 P.S. 951-963.

53.     The Plaintiff prays that the Defendant be required to provide all appropriate remedies under §9 of PHRA.

## COUNT 8
### (PHRA—Retaliation)

54.    Paragraphs 1 through 53 are incorporated herein by reference as though set forth in full.

55.    On or about May 2, 2017, Dennis Wolf reassigned Plaintiff's web/DB related projects to Amod Satgangi.

56.    Defendant's actions are retaliatory because one month after Plaintiff requested a reasonable accommodation, his duties were reassigned.

57.    Based upon the foregoing, it is alleged that Defendant violated Section 5(a) of the Pennsylvania Human Relations Act 43 P.S. 951-963.

58.    The Plaintiff prays that the Defendant be required to provide all appropriate remedies under §9 of PHRA.

## COUNT 9
### (PHRA—Discharge)

59.    Paragraphs 1 through 58 are incorporated herein by reference as though set forth in full.

60.    On or about April 7, 2017, Plaintiff requested a reasonable accommodation for his disability to Shannon Portier, Senior Human Resource Manager.

61.    On or about May 23, 2017, Reginald Cooley, Plaintiff's supervisor, discharged Plaintiff.

62.    Defendant's actions were retaliatory because six weeks after Plaintiff requested a reasonable accommodation for his disability, Defendant discharged him.

63.    Based upon the foregoing, it is alleged that Defendant violated Section 5(a) of the Pennsylvania Human Relations Act 43 P.S. 951-963.

64.    The Plaintiff prays that the Defendant be required to provide all appropriate remedies.

Respectfully submitted,

_____

Joseph C. Korsak, Esq.
PA ID #22233
The Mazza Law Group, P.C.
2790 W. College Ave.
State College, PA 16801
Phone: (814) 237-6255
Fax:  (814) 237-5752
Email:  korsak@mazzalaw.com